# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LENORA WILKINS                                                                                    PLAINTIFF

V.                                    NO. 3:18CV00094 BSM/PSH

SOCIAL SECURITY ADMINISTRATION                               DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction:

Plaintiff, Lenora Wilkins, applied for disability benefits on December 2, 2015, alleging a disability onset date of July 27, 2015. (Tr. at 12). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Wilkins' claim. (Tr. at 18). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Wilkins has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Ms. Wilkins had not engaged in substantial gainful activity since the alleged onset date of July 27, 2015. (Tr. at 14). At Step Two of the sequential five-step analysis,

the ALJ found that Ms. Wilkins had the following severe impairments: obesity and degenerative disc disease of the lumbar spine. *Id*.

The ALJ found that Ms. Wilkins's impairment did not meet or equal a listed impairment. (Tr. at 15). Before proceeding to Step Four, the ALJ determined that Ms. Wilkins had the residual functional capacity ("RFC") to perform the full range of work at the light level. *Id*.

The ALJ next found that Ms. Wilkins was capable of performing her past relevant work as a line packer and hand packer. (Tr. at 18). Therefore, the ALJ found that Ms. Wilkins was not disabled. *Id*.

### III. **Discussion**:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which

contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

    B.    Ms. Wilkins's Arguments on Appeal

In her one paragraph brief, Ms. Wilkins contends generally that substantial evidence does not support the ALJ's decision to deny benefits. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Wilkins had doctors' visits in 2014 and 2015 to address back pain. However, on seven out of twelve doctor visits, she denied musculoskeletal symptoms in her back. (Tr. at 365-460). She had occasional back tenderness, but generally had normal range of motion in her lumbar spine. (Tr. at 425, 428, 444). Her doctor told her to exercise three times a week. (Tr. at 437, 446). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Ms. Wilkins said that pain medications were helpful, and that she was able to rub her back pain away. (Tr. at 417, 460). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). On May 19, 2015, Ms. Wilkins said she felt well. (Tr. at 428).

The medical record does not support Ms. Wilkins' claim. Her only treatment was pain medication. She did not require a pain management specialist or physical therapy. No objective imaging showed disabling conditions. And no doctor placed any functional restrictions on her.

Two non-examining medical experts reviewed the records and found Ms. Wilkins capable of light work. The ALJ likewise assigned a light RFC. A claimant's RFC represents the most he

3

can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ properly considered the lack of objective findings, the positive response to treatment, and the conservative course of treatment to determine the light RFC. While Ms. Wilkins explained that she was unable to perform virtually any daily activities except some shopping and going to church, the medical evidence does not correlate to such limitations. The ALJ properly considered the record as a whole to find Ms. Wilkins able to return to past work.

## VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Wilkins was not disabled. The ALJ's RFC properly incorporated all of Ms. Wilkins's limitations. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 6th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE